

FILED

SEP 1 6 2004

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EUGENE MOREL and ELIZABETH MOREL,   )   No. _____ 04 - 1467L
husband and wife, STEPHEN GUTHRIE and   )
JEAN GUTHRIE, husband and wife, IVAN   )
STEWART, RORY M. CRISPIN, ASHOK   )   Honorable _____
KURUGANTI and SHAWNA KURUGANTI,   )
husband and wife, BERNITA McNABB, MARY   )
K. HESTON, ROYCE BERG and CHARLENE A.   )
TAGAS, husband and wife, EVA BARNES,   )
GORDON G. CONGER, ELIZABETH   )
MUELLER, LOIS K. JARMAN AND DOUGLAS   )
W. CONGER   )
   )
           Plaintiffs,   )
   )
    v.   )
   )
UNITED STATES,   )
   )
           Defendant.   )
_____)

## **COMPLAINT**

Plaintiffs allege the following:

### **INTRODUCTION**

1.     The United States, through the issuance of a Notice of Interim Trail Use

(NITU) under the National Trails System Improvement Act of 1988, Public Law 100-170, 10s

1

ORIGINAL

Stat. 2281 (1988), 16 U.S.C. § 1248 (c)-(f), has taken Plaintiffs' property rights by denying

them a reversionary interest in a railroad right of way located on their respective properties

that has been abandoned by the railroad.  Plaintiffs seek just compensation as required by the

Fifth Amendment to the United States Constitution.

## PARTIES

2.      Plaintiffs Eugene Morel and Elizabeth Morel, husband and wife, are residents

of the State of Washington.  Plaintiffs claim an interest in the real property which has been

taken by the Federal government.   Plaintiffs are the fee simple owners of property commonly

referred to by street address as follows:  2933 East Lake Sammamish Parkway SE,

Sammamish, Washington.  The property is the residence of Plaintiffs.

3.      Plaintiffs, Stephen Guthrie and Jean Guthrie, husband and wife, are residents

of the State of Washington.  Plaintiffs claim an interest in the real property which has been

taken by the Federal government.  Plaintiffs are the fee simple owners of property commonly

referred to by street address as follows: 30xx East Lake Sammamish Parkway SE,

Sammamish, Washington, and further identified by King County Parcel Number 0724069006.

4.      Plaintiff Ivan Stewart is a resident of the State of Washington.  Plaintiff claims

an interest in the real property that has been taken by the Federal government.  Plaintiff is the

fee simple owner of property commonly referred to by street address as follows: 2815 East

Lake Sammamish Parkway SE, Sammamish, Washington.  The property is the residence of

Plaintiff.

5.     Plaintiff Rory Crispin is a resident of the State of Washington.  Plaintiff claims an interest in the real property that has been taken by the Federal government.  Plaintiff is the fee simple owner of property consisting of four lots and commonly referred to by street address as follows: 3103 East Lake Sammamish Parkway SE, Sammamish, Washington.

6.     Plaintiffs, Ashok Kuruganti and Shawna Kuruganti, husband and wife are residents of the State of Washington.  Plaintiffs claim an interest in the real property that has been taken by the Federal government.  Plaintiffs are the fee simple owners of property commonly referred to by street address as follows:  2811 East Lake Sammamish Parkway, SE, Sammamish, Washington.  The property is the residence of Plaintiffs.

7.     Plaintiff Bernita McNabb is a resident of the State of Washington.  Plaintiff claims an interest in the real property that has been taken by the Federal government.  Plaintiff is the fee simple owner of property commonly referred to by street address as follows:  3143 East Lake Sammamish Parkway SE, Sammamish, Washington.

8.     Plaintiff Mary K. Heston is a resident of the State of Washington.  Plaintiff claims an interest in the real property that has been taken by the Federal government.  Plaintiff is the fee simple owner of property commonly referred to by street address as follows:  2823 East Lake Sammamish Parkway SE, Sammamish, Washington.

8.     Plaintiffs, Royce Berg and Charlene Tagas, husband and wife, are residents of the State of Washington.  Plaintiffs claim an interest in the real property that has been taken by the Federal government.  At the time of the taking, Plaintiffs were the fee simple owners of property commonly referred to by street address as follows:  3003 East Lake Sammamish Parkway SE, Sammamish, Washington.

3

9.      Plaintiff Eva Barnes is a resident of the State of Washington.  Plaintiff claims an interest in the real property that has been taken by the Federal government.  Plaintiff is the fee simple owner of property commonly referred to by street address as follows:  3141 East Lake Sammamish Parkway SE, Sammamish, Washington.

10.     Plaintiffs, Gordon G. Conger, Elizabeth Mueller, Lois K. Jarman and Douglas W. Conger are residents of the State of Washington.  Plaintiffs claim an interest in the real property that has been taken by the Federal government.  Plaintiffs are the fee simple owners of property commonly referred to by street address as follows: 3027 East Lake Sammamish Parkway SE, Sammamish, Washington.  Plaintiffs are also the fee simple owners of property commonly referred to by street address as follows: 3019 East Lake Sammamish Parkway SE, Sammamish, Washington.

## JURISDICTION

11.     This Court has jurisdiction over these claims pursuant to the Tucker Act, 28 U.S.C. Section 1491, because the claims for relief made herein are founded upon the Fifth Amendment to the United States Constitution and the claims are for amounts in excess of $10,000.

## FACTS

12.     When Plaintiffs acquired their properties, their respective titles were encumbered by an easement for a railroad right-of-way that traverses through each of their properties.

13.     Effective September 18, 1998, the Surface Transportation Board ("STB") approved interim trail use (a.k.a. "railbanking") of the right of way easement through

Plaintiffs' respective properties by issuing a Notice of Interim Trail Use ("NITU") and

granting an exemption to Burlington Northern and Santa Fe Railway Company (BN) to

abandon the use of subject right of way as an active rail line.  This ruling authorized the

conversion of the railroad corridor, including each subject property, into a recreational trail

under the National Trail System Act, 16 U.S.C. 1247(d).  *See* Surface Transportation Board

Decision and Notice of Interim Trail Use or Abandonment, attached hereto as Exhibit A.  BN

subsequently reached an agreement with King County, Washington for use of the right of way

for trail purposes and BN has fully abandoned the line.

**FIRST CLAIM FOR RELIEF**
**(Taking of Property Without Compensation)**

14.    Plaintiffs incorporate paragraphs 1 through 13 by reference as if fully set forth

herein.

15.    BN has abandoned the subject railroad right of way.  Plaintiffs have a property

right in the reversionary interest to the right of way as it traverses through Plaintiffs'

respective properties.  As to each Plaintiff, that property right has been taken by the Federal

government through the issuance of the NITU and conversion of the right of way into use as

an interim trail.

16.    Plaintiffs are each entitled to just compensation under the Fifth Amendment to

the United States Constitution for the taking of their respective property right.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs pray for the following relief:

5

1.    Just compensation, in an amount to be determined at trial, as required by the Fifth Amendment to the United States Constitution for the property rights taken by the Federal government as alleged above.

2.    An award of compound interest from the date of the taking until the judgment is paid.

3.    An award of reasonable costs, disbursements and expenses, including reasonable attorneys' fees and fees of experts incurred as authorized by 42 U.S.C. § 4654(c).

RESPECTFULLY SUBMITTED this 14th day of September, 2004.

By:    _John M. Groen_

John M. Groen
Diana M. Kirchheim
Attorneys for Plaintiffs

GROEN STEPHENS & KLINGE LLP
2101 – 112th Avenue NE, Suite 110
Bellevue, WA 98004-2944
Telephone (425) 453-6206
Fax (425) 453-6224

# EXHIBIT A

FILE COPY

# EXHIBIT

**Case**
Docket No.
AB 6 380 X

Title
BURLINGTON NORTHERN ABANDONMENT EXEMPTION - IN KING COUNTY, WA

## Decision Summary
MODIFIED TO THE EXTENT NECESSARY THE DECISION SERVED AUGUST 5, 1998, TO IMPLEMENT
INTERIM TRAIL USE/RAIL BANKING AS SET FORTH IN THIS DECISION.
Docket No.                          Title

## Download Files
WP Envoy (requires viewer)    WordPerfect

Graphics/Maps/Figures:

- 29583.evy                - 29583.wpd

Size of PDF File: 0.00 MB

Approximate download time at 28.8 : 0 Minute(s)

Note:
Some installations of Adobe Acrobat 3 browser plug-ins
cannot open large PDF files. If you experience problems
viewing our files, we recommend upgrading to an Acrobat
4 reader available free at www.adobe.com.

## Full Text of Decision
29583

SERVICE DATE - SEPTEMBER 18, 1998

DO

SURFACE TRANSPORTATION BOARD

DECISION AND NOTICE OF INTERIM TRAIL USE OR ABANDONMENT

STB Docket No. AB-6 (Sub-No. 380X)

THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY

--ABANDONMENT EXEMPTION--IN KING COUNTY, WA

Decided: September 16, 1998

In a decision served May 13, 1998, the Board granted The Burlington Northern and Santa Fe
Railway Company (BNSF) an exemption to abandon a 12.45-mile line of railroad between milepost
7.3, near Redmond, and milepost 19.75, at Issaquah, in King County, WA ( the Redmond-Issaquah
Line), subject to labor protective and environmental conditions. Thereafter, in a decision served
August 5, 1998, the Board rejected an offer of financial assistance filed by Redmond-Issaquah
Railroad Preservation Association under 49 U.S.C. 10904 to continue service on the line.[1]

Also in the August 5 decision, the Board deferred action on requests by King County and The Land
Conservancy of Seattle and King County (TLC) that the Board impose interim trail use/rail banking
under 16 U.S.C. 1247(d). The Board noted that King County and TLC had submitted statements of

willingness to assume financial responsibility for the right-of-way and acknowledged that use of the right-of-way is subject to possible future reconstruction and reactivation of the right-of-way for rail service, as required under 49 CFR 1152.29. The Board also found that the requests complied with the requirements for interim trail use/rail banking. However, the Board deferred action on the requests pending BNSF's notifying the Board as to whether the railroad was going to exercise its abandonment exemption authority and, if so, whether it was willing to negotiate for trail use.

By letter filed August 10, 1998, BNSF has notified the Board that it intends to act on its abandonment exemption authority. BNSF also joins in the requests that a notice of interim trail use (NITU) be issued in this proceeding.

The requests by King County and TLC comply with the requirements of section 1152.29, and BNSF is willing to negotiate for trail use. Therefore, a NITU will be issued. The parties may negotiate an agreement during the 180-day period prescribed below. If BNSF reaches a mutually acceptable final agreement or agreements with King County and/or TLC, no further Board action is necessary. If no agreement is reached within 180 days, BNSF may fully abandon the line. See 49 CFR 1152.29(d)(2). Use of the right-of-way for trail purposes is subject to restoration for railroad purposes.

This action will not significantly affect either the quality of the human environment or the conservation of energy resources.

It is ordered:

1. This proceeding is reopened.

2. Upon reconsideration, the decision served August 5, 1998, exempting BNSF's abandonment of the Redmond-Issaquah Line, is modified to the extent necessary to implement interim trail use/rail banking as set forth below for a period of 180 days from the service date of this decision and notice.

3. If an interim trail use/rail banking agreement is reached, it must require the trail user to assume, for the term of the agreement, full responsibility for management of, for any legal liability arising out of the transfer or use of (unless the user is immune from liability, in which case it need only indemnify the railroad against any potential liability), and for the payment of any and all taxes that may be levied or assessed against, the right-of-way.

4. Interim trail use/rail banking is subject to the future restoration of rail service and to the user's continuing to meet the financial obligations of the right-of-way.

5. If interim trail use is implemented, and subsequently the user intends to terminate trail use, it must send the Board a copy of this decision and notice and request that it be vacated on a specified date.

6. If an agreement for interim trail use/rail banking is reached by the 180th day after service of this decision and notice, interim trail use may be implemented. If no agreement is reached by that time, BNSF may fully abandon the line, provided that the labor protective and environmental conditions imposed in the August 5 decision are met.

7. This decision is effective on its service date.

By the Board, David M. Konschnik, Director, Office of Proceedings.


Vernon A. Williams

Secretary

1. See pages 1-5 of the decision for a more detailed discussion of the history of this and related